Filed 6/13/24  P. v. Calvo CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ROLANDO CALVO,<br><br>    Defendant and Appellant. | B329924<br><br>(Los Angeles County<br> Super. Ct. No. VA150300) |

APPEAL from an order of the Superior Court of Los Angeles County.  Joseph R. Porras, Judge.  Reversed and remanded with directions.

Wayne C. Tobin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and J. Michael Lehmann, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * * * * * *

Defendant and appellant Rolando Calvo appeals from the order denying his request for a resentencing hearing pursuant to Penal Code section 1172.75 (former § 1171.1).  The People concede remand for resentencing is warranted.  We reverse and remand with directions to the superior court to conduct a full resentencing hearing pursuant to section 1172.75.

## BACKGROUND

In 2019, defendant pled no contest to one count of attempted first degree robbery at an automated teller machine (Pen. Code, §§ 211, 664), and he admitted a prior strike conviction and three 1-year prison priors (§ 667.5, subd. (b)).  In accordance with the terms of the plea agreement, the court sentenced defendant to a state prison term of 14 years, calculated as follows:  a three-year upper term, doubled due to the prior strike, plus a consecutive five years for the prior felony enhancement and three consecutive one-year terms for each of the section 667.5, subdivision (b) prison priors.  Defendant was awarded 240 days of presentence custody credits.

Following the enactment of Penal Code section 1172.75 in 2021 (Stats. 2021, ch. 728, § 3), the Department of Corrections and Rehabilitation referred defendant's case to the superior court for recall and resentencing.

On April 14, 2023, the trial court held a hearing at which defendant was not present but was represented by counsel.  The court struck all three prison priors from defendant's sentence and ordered the preparation of a new abstract of judgment reflecting an 11-year prison sentence.  The court denied defense counsel's request for a full resentencing, finding that it lacked jurisdiction to conduct a full resentencing because defendant's conviction was the result of a plea agreement.

2

This appeal followed.

## DISCUSSION

Effective January 1, 2022, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [Pen. Code] Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)

At the recall hearing, the trial court properly struck the three 1-year enhancements from defendant's sentence in accordance with Penal Code section 1172.75, subdivision (a). However, as the People concede, the trial court erred by concluding it lacked jurisdiction to conduct a full resentencing.

Where, as here, "a sentence is subject to recall, 'the resentencing court has jurisdiction to modify *every* aspect of the sentence, and not just the portion subjected to the recall.' " (*People v. Coddington* (2023) 96 Cal.App.5th 562, 568 (*Coddington*), quoting *People v. Buycks* (2018) 5 Cal.5th 857, 893; accord, *People v. Montgomery* (2024) 100 Cal.App.5th 768, 773, review granted May 29, 2024, S284662 (*Montgomery*) [concluding resentencing undertaken pursuant to recall under Pen. Code, § 1172.75 requires "full resentencing"]; *People v. Carter* (2023) 97 Cal.App.5th 960, 968 (*Carter*) [same]; *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 [same].)

Defendant's sentence shall be vacated and the matter remanded to the trial court to conduct a full resentencing hearing at which defendant is entitled to be present and represented by counsel.

3

Respondent asks that we find upon remand for resentencing, defendant may seek further reductions in his sentence, but that if he does so, the prosecutor is free to seek to withdraw from the plea agreement, citing *Coddington*, *supra*, 96 Cal.App.5th 562.

At least two other courts have disagreed with *Coddington* on this point: *Montgomery*, *supra*, 100 Cal.App.5th 768 (review granted) and *Carter*, *supra*, 97 Cal.App.5th 960. We are not required to weigh in on the split of authority in order to resolve this appeal, and we decline to do so. Respondent may make the argument on remand at the resentencing hearing.

## DISPOSITION

The sentence is vacated and the matter remanded to the superior court for a full resentencing hearing in accordance with Penal Code section 1172.75. Defendant is entitled to be present and represented by counsel. Upon conclusion of the new sentencing hearing, the superior court is directed to prepare and transmit a new abstract of judgment to the Department of Corrections and Rehabilitation.


GRIMES, Acting P. J.


WE CONCUR:


WILEY, J.


VIRAMONTES, J.

4